**EN TONG QIU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**No. 09–1549.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 10, 2010.

Filed: March 12, 2010.

Charles Christophe, Esq., Christophe & Associates, New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Jeffrey L. Menkin, Esq., Ann C. Varnon, Esq., United States Department of Justice, Washington, DC, for Attorney General of the United States.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

En Tong Qiu petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

## I.

Qiu is a citizen of China who entered the United States in 2004 without having been admitted or paroled. Qiu concedes removability on that basis, but he seeks asylum, statutory withholding of removal and relief under the Convention Against Torture ("CAT") on the grounds that he suffered past mistreatment and fears mistreatment in the future for his resistance to China's family planning policies.

Qiu testified before the Immigration Judge ("IJ") that his mother was forcibly sterilized and his family was fined because he was the family's fourth child. He also testified that his girlfriend became pregnant and that authorities forced her to have an abortion. When he learned that authorities had taken her to the hospital, he went there and discovered that the abortion had been performed. He then pushed aside a member of the "cadres" who was guarding his girlfriend's room and took her home.

At the time, Qiu was working at his village's Government Committee office, which housed the local branch of the family planning committee. He testified that he performed janitorial services and other odd jobs, but also occasionally served as a guard. When he returned to work after his girlfriend's abortion, he learned that two women he was guarding had been detained for forcible sterilization or insertion of an IUD device, and he was so angered by his girlfriend's abortion that he set them free. He then went into hiding, and heard from his mother that the "cadres" had come to his house several times in search of him to "hold him responsible" for that action. Shortly thereafter, he came to the United States.

The IJ found Qiu credible in all respects relevant to our disposition but denied relief. The IJ explained that neither Qiu's mother's sterilization and family fine nor his girlfriend's forced abortion constituted past persecution of Qiu. The IJ did not reach the issues of whether Qiu had a well-founded fear of future persecution for purposes of asylum or had shown that future persecution was more likely than not for purposes of withholding. Instead, he concluded that Qiu was ineligible for those forms of relief because he had "assisted, or otherwise participated in the persecution" of others. 8 U.S.C. §§ 1158(b)(2)(A)(i) (asylum) and 1231(b)(3)(B)(i) (withholding).

On appeal, the BIA agreed that Qiu was ineligible for asylum and withholding because he participated in persecution. The BIA also concluded that, even if Qiu were not barred from relief for that reason, he had otherwise failed to show eligibility for relief because he had shown neither past persecution nor a well-founded fear of future persecution. Finally, the BIA concluded that Qiu had not shown it more likely than not that he would be tortured on return. Qiu petitions for review.[1]

1. We have jurisdiction under 8 U.S.C. § 1252(a)(1). "Because the BIA issued its own decision, we review that decision, and not that of the IJ." *Sheriff v. Att'y Gen.*, 587

## II.

The parties devote the majority of their briefs to the BIA's conclusion that Qiu is ineligible for asylum and withholding of removal because he assisted in the persecution of others. We need not address that issue, however, because the BIA's alternative grounds for denying relief are supported by substantial evidence and Qiu's arguments to the contrary are unavailing.

First, Qiu argues that he was entitled to a presumption of eligibility for asylum because he suffered past persecution in the form of his mother's forcible sterilization and his girlfriend's forcible abortion. This argument lacks merit. We recently held that the persecution even of an alien's spouse under China's family planning policies does not constitute persecution of the alien, *see Lin–Zheng v. Att'y Gen.,* 557 F.3d 147, 148–49 (3d Cir.2009) (en banc), and we previously held the same with respect to an alien's parents, *see Wang v. Gonzales,* 405 F.3d 134, 142–43 (3d Cir. 2005), and an alien's unmarried girlfriend or fiancée, *see Chen v. Ashcroft,* 381 F.3d 221, 222–23 (3d Cir.2004).[2] Qiu also asserts that he suffered past persecution because his family was fined for having four children. The BIA did not specifically mention that assertion, but the IJ found that the family's fine did not present a cognizable claim for asylum (IJ Dec. at 14), the BIA agreed that Qiu had failed to show past persecution in general, and Qiu neither argues that the BIA erred in not addressing this claim more specifically nor cites any evidence of record that might compel the conclusion that his family's fine amounted to the persecution of him. *See Wang,* 405 F.3d at 143–44.

Second, Qiu challenges the BIA's conclusion that he failed to establish a well-founded fear of persecution. The BIA assumed that Qiu's scuffle with a family planning official and release of two women could constitute a statutorily protected ground. *See* 8 U.S.C. § 1101(a)(42)(B) (equating "resistance to a coercive population control program" with political opinion for immigration purposes). It concluded, however, that his fear of persecution was speculative because the record contains no evidence that Chinese officials are still interested in him five years after those event or would persecute him because of them on return. (BIA Dec. at 3.) Qiu cites no evidence of record that might compel a contrary conclusion, and our review of the record has revealed none.

Finally, Qiu challenges the BIA's conclusions that he was not entitled to withholding of removal or relief under CAT. Because Qiu failed to establish a well-founded fear of persecution, however, he necessarily failed to meet the higher burden applicable to withholding of removal. *See Gomez–Zuluaga v. Att'y Gen.,* 527 F.3d 330, 348–49 (3d Cir.2008). With regard to CAT, Qiu asserts that "various" reports document the fact that "torture and ill treatment by the authorities in China was not eradicated and in fact is practiced." One again, however, he cites no record evidence compelling the conclusion that he personally faces probable torture on return. *See id.* at 349. Accordingly, the petition for review will be denied.

---

F.3d 584, 588 (3d Cir.2009). "Under the substantial evidence standard, the BIA's determinations 'must be upheld unless the evidence not only supports a contrary conclusion, but compels it.' " *Id.* (citations omitted).

**2.** We note our displeasure with Qiu's failure to acknowledge this dispositive authority, which is particularly troubling in light of the BIA's reliance on *Chen* in its opinion.